IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NORVIN LEE and
BERNITA GARCIA,

       Plaintiffs,

v.                                                                                Civil No. 96-1525 WWD/LCS

GALLUP AUTO SALES, INC. d/b/a
FRIENDLY MOTORS; MONTANA MINING,
INC.; and JERRY EGELAND,

       Defendants.

## MEMORANDUM OPINION AND ORDER

       THIS MATTER comes before the Court upon Defendants' Motion for Summary Judgment, filed September 15, 1998 [docket # 48]. Having considered the parties' briefs, the applicable law and being fully advised in the premises, I find that Defendants' Motion is not well-taken and will be denied.

       In December 1995, Defendants ("Gallup Auto") sold Plaintiffs a 1985 Chevrolet Blazer. Not long after the purchase, the Blazer developed serious mechanical problems and ultimately stopped running. Plaintiffs brought an action against Gallup Auto for fraudulently furnishing them an inaccurate odometer reading, in violation of the Vehicle Information and Cost Savings Act, 49 U.S.C. §§ 32701-32711 (formerly 15 U.S.C. 1§ 1981-1991) ("Federal Odometer Act"). In a motion to dismiss, Defendants claimed that they were exempt from making required odometer disclosures to Plaintiffs pursuant to regulations adopted by the National Highway Traffic Safety Administration ("NHTSA") which exempts vehicles 10 years old or older from the odometer mileage disclosure requirements. 49 C.F.R. § 580.6(a)(3) (redesignated as § 580.17 on October 1,

1998).[1]

The motion to dismiss was granted. However, on appeal, the Tenth Circuit reversed and remanded the case, holding that the exemption was invalid because the NHTSA Secretary was without authority to promulgate the regulation. See Lee v. Gallup Auto Sales, Inc., 135 F.3d 1359, 1360 (10th Cir. 1998). The Tenth Circuit also found that Plaintiffs had alleged a set of facts which, when accepting the allegations as true, would entitle them to relief under the Act. Id. at 1362-63.

In the instant motion Defendants contend that the Tenth Circuit decision in Lee does not preclude a finding that the exemption is valid because the Lee court had not addressed the issue in light of the Department of Transportation and Related Agencies Appropriation Act of 1996 ("1996 Appropriations Act" or "1996 Act") which Defendants argue states Congress' intent to grant authority to the Secretary to promulgate the regulatory exemptions. The Act states:

> Section 351. Notwithstanding any other provision of law, the secretary may use funds approved under this Act, or any subsequent act, to administer and implement the exemption provisions of 49 C.F.R. 580.6 and to adopt or amend exemptions from the disclosure requirements of 49 C.F.R. Part 580 for any class or category of vehicle that the secretary deems appropriate.

§ 351, Publ.Law 104-50 (November 15, 1995) (for fiscal year ending Sept. 30, 1996).

Defendants maintain that the Lee decision is "clearly erroneous" in that the Court failed to consider the above language in the 1996 Appropriations Act (Lee was decided *after* it was enacted). Because the 1996 Act became effective November 15, 1995-- one month prior to the sale of the Blazer to Plaintiffs-- the Secretary thereby had authority at the time of that transaction to exempt vehicles which are ten years old or older from the requirements of the Federal Odometer Act.

---

[1] The exempting regulation reads in part: "A transferor or a lessee of any of the following motor vehicles need not disclose the vehicle's odometer mileage: . . . (3) A vehicle that is ten years old or older. . . ."

2

However, even assuming that the 1996 Appropriations Act delegates authority to the Secretary to promulgate exemption regulations, it makes no difference to the case here. I am obliged to follow Tenth Circuit law which has held that the regulation which existed at the time Defendants sold Plaintiffs the Blazer is invalid and promulgated when the Secretary lacked the authority to do so. Lee, 135 F.3d at 1362.

A recent Tenth Circuit case undercuts Defendants' position that the 1996 Act validated the exemption and that the Secretary did not need to repromulgate the regulations which were in existence once the 1996 Appropriations Act became effective.[2] Suiter v. Mitchell Motor Coach Sales, Inc., et al, 151 F.3d 1275 (10th Cir. 1998). Suiter deals with an exemption regulation promulgated by the NHTSA Secretary for large or excess weight vehicles, and how that exemption fares under the more recent Appropriations Act of 1997 ("1997 Appropriations Act" or "1997 Act"). § 332, Publ. L. 104-205 (Sept. 30, 1996).[3] Suiter, basing its reasoning and holding on the 1997 Appropriations Act, makes it clear that although the 1997 Act may in fact give the Secretary the authority to promulgate regulatory exemptions, that authority would not effect the validity of an exemption which has previously been held to be invalid. To do so would be to apply an impermissibly retroactive effect to the Appropriations Act. See Suiter, 151 F.3d at 1281 n.7.[4]

---

[2] The Tenth Circuit decided Suiter just two weeks after the motion for summary judgment was served and was not included in the parties' briefing packet. Plaintiffs brought it to the Court's attention by correspondence dated October 15, 1998, although the Court had already been aware of the case.

[3] The 1997 Appropriations Act was for the fiscal year ending September 30, 1997, and contained identical language to the Appropriations Act of the previous year.

[4] The Tenth Circuit "expresse[d] no opinion on the *prospective* effect of the 1997 Appropriations Act on the Secretary's authority to provide for the regulatory exemptions." Suiter, at 1281 n.7 (emphasis added).

3

The exemption concerning older vehicles was initially promulgated in 1988.[5] It was not repromulgated until September 11, 1997, nearly a year after the 1997 Appropriations Act and almost two years after the 1996 Appropriations Act became effective. See 62 FR 47763 (interim final rule) (now codified at 49 C.F.R. § 580.17); Suiter at 1281 n.7.[6] Therefore, Lee's holding which declares the exemption regulation invalid still applies to the case. Defendant's request that the Court find that the Blazer which is the subject of this cause of action was exempt from the disclosure requirements of the Federal Odometer Act is denied.

**WHEREFORE,**

**IT IS ORDERED** that Defendants' Motion for Summary Judgment **[# 48]** is hereby DENIED.

UNITED STATES MAGISTRATE JUDGE

---

[5] Exemptions to the general disclosure requirements were promulgated between 1973 and 1988. In 1988, the Secretary adopted an amendment which changed the older vehicle exemption from 25 years to 10 years. 53 FR 49472 ("Background") (codified at 49 C.F.R. § 580.6 & redesignated at § 580.17). General odometer disclosure requirements are laid out in 49 C.F.R. § 580.5; 49 U.S.C. § 32705 (statutory authority).

[6] Although the rule lists a due date for comments as October 14, 1997, the Secretary considered prior notice and opportunity for public comment "unnecessary" in adopting the interim final rule "because the rule merely repromulgates rules that have already been subject to [notice and comment]. 62 FR 47763 ("Discussion").

4