CLK's COPY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NORVIN LEE and
BERNITA GARCIA,

Plaintiffs,

v.

Civil No. 96-1525 WWD/LCS

GALLUP AUTO SALES, INC. d/b/a
FRIENDLY MOTORS; MONTANA MINING,
INC.; and JERRY EGELAND,

Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendants' Motion to Reconsider, filed January 6, 1999 **[60-1]**. Partial summary judgment had been entered for Plaintiffs on their claim under the Federal Odometer Act. See Court's Mem.Op. & Order of Dec. 18, 1998.[1] Defendants contend that the facts, when viewed in the light most favorable to Defendants, do not support a finding as a matter of law that they violated the Odometer Act with "intent to defraud" as required under the Act. 49 U.S.C. § 32710(a). They also contend that the Court misconstrued the holding of Ryan v. Edwards, 592 F.2d 756 (4th Cir. 1979) because it can be distinguished from the present case.

A motion to reconsider is appropriate where a "court has patently misunderstood a

---

[1] Defense counsel submitted this motion, which had not yet been served on Plaintiff, at the pretrial conference. I determined that in the interest of economy to the parties (both in labor and expense) and to expedite consideration of the motion at a date so close to trial, a response by Plaintiff would be unnecessary where the motion would be denied.

party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning, but of apprehension." Huff v. UARCO, Inc., 925 F.Supp. 550, 561 (N.D.Ill. 1996). There is nothing in Defendants' motion which would cause me to conclude that any of these conditions have occurred. The facts are undisputed that on two prior occasions, Defendants made assertions through disclosures that the Blazer's odometer had turned over. They characterize these assertions as "incorrect assumptions" because they later discovered "for the first time" that the odometer was broken. However, the fact that Defendants might not have had "actual knowledge" that the Blazer's odometer was broken is of little value, where the dealer is obliged to "explore mileage verification methods which the transferor subjectively knows to explore." Suiter v. Mitchell Coach Sales, Inc., 151 F.3d 1275, 1282 (10th Cir. 1998) (citing Haynes v. Manning, 917 F.2d 450 (10th Cir. 1990).

I view Defendants' assertions as representations which were made as to the condition of the car, subject to the "affirmative duty" automobile dealers have "to discover defects." Suiter v. Mitchell Coach Sales, Inc.., 151 F.3d 1275, 1282 (10th Cir. 1998) (citing Haynes v. Manning, 917 F.2d 450 (10th Cir. 1990). To allow a person to make a representation about the condition of the odometer, thereby implying that he has examined the odometer and knows its condition, to come back later and attempt to recant his original assertion because in fact he had failed to make any examination to support that assertion, would open the door to chicanery. At the very least, one would be free to make representations -- in this case, that the odometer had turned over -- and then by later disavowing any implied basis for the representations, convert them into mere assumptions unfettered by any import or consequence. Further, the fact that the odometer was broken does not necessarily invalidate the assertion

2

that the odometer *also* had turned over. Neither does it attenuate any basis Defendants had at the time for representing that the odometer had turned over.

**WHEREFORE,**

**IT IS ORDERED** that Defendants' Motion to Reconsider, filed January 6, 1999 **[60-1]** is hereby denied.

　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE