IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NORVIN LEE and
BERNITA GARCIA,

       Plaintiffs,

v.                                                                                     Civil No. 96-1525 WWD/LCS

GALLUP AUTO SALES, INC. d/b/a
FRIENDLY MOTORS; MONTANA MINING,
INC.; and JERRY EGELAND,

       Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Plaintiffs' Application for Attorneys' Fees and Costs, filed March 19, 1999 **[docket #121]**. Defendants have filed a brief in opposition to the request. Plaintiffs request $38,198.00 for 262.60 hours of work by Richard Feferman and Susan Warren, $12,622.50 for 45.9 hours of work by Richard Rubin on the appeal in the case, and $2,245.73 in costs. Plaintiffs' cost bill will be addressed by the Clerk separately.[1]

This is a used car case which resulted in a jury verdict for Plaintiffs. Following a jury trial on January 26 -27, 1999, the jury returned the following verdict for Plaintiffs and against

---

[1] Plaintiffs have not submitted the cost bill in a separate motion, as required under D.N.M.LR-Civ. 54.1. However, because this case has been transferred to the United States Bankruptcy Court, with this Court retaining jurisdiction over this pending motion for fees [see docket #150], I will in this instance construe the application submitted as a separate one for costs and not require Plaintiffs to file an additional motion for costs, over which this Court would not have jurisdiction.

Defendants:[2] $6,400.00 for Plaintiffs' actual damages for Defendants' violation of the Federal Odometer Act; $100,000.00 for Plaintiffs' damages based on claims of common law fraud, negligent misrepresentation and for violations of the New Mexico Unfair Practices Act, in connection with statements made about the condition of the used Blazer; $100,000.00 for Plaintiffs' damages against Defendant Montana Mining Inc. in connection with an improper collection letter sent to Plaintiffs; $200,000.00 in punitive damages related to Defendants' misrepresentation of the condition of the vehicle at the time of its sale to Plaintiffs; and $250,000.00 against Defendant Montana Mining in punitive damages related to the aforementioned collection letter.

Both the Federal Odometer Act and the New Mexico Unfair Practices Act provide an award of attorneys' fees and costs to the prevailing party. 49 U.S.C. § 32710(b); NMSA 1978 § 57-12-10C. The standard on which the award is based is the same that is used under other fee-shifting statutes such as the 1964 Civil Rights Act. Hensley v. Eckerhart, 461 U.S. 424, 433 n.7 (1983). There is no question that Plaintiffs qualify as the "prevailing party," nor do Defendants dispute that fact. Defendants do object to the reasonableness of the requested hourly fee.

The amount of a "reasonable" attorney fee is usually determined by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S.at 433; Ramos v. Lamm, 713 F.2d 546, 552 (10th Cir. 1983). Plaintiffs seek

---

[2] Jerry Egeland, President, Treasurer, director and shareholder of Gallup Auto Sales, Inc. and Montana Mining Finance, Inc., was initially a party in the action but was dismissed during the trial.

an hourly fee of $185.00 for Mr. Feferman; $135.00 for Ms. Warren, and $275.00 for Richard Rubin who worked on the appeal.

Appropriate hourly rates for counsel are calculated according to the "prevailing market rates in the relevant community." Blum v. Stenson, 465 U.S. 886, 895 (1984). The Court determines the reasonable hourly rate based on the lawyer's skills and experience in civil litigation or analogous litigation. Ramos v. Lamm, 713 F.2d 546, 555 (10th Cir. 1983). After reviewing the submissions by Plaintiffs' counsel and having taken judicial notice of previous attorney fee awards in analogous civil litigation, I find that the fees requested for Mr. Feferman and Ms. Warren are reasonable.

Mr. Rubin is also entitled to fees for his work on the appeal. See Love v. Mayor, City of Cheyenne, Wyo, 620 F.2d 235, 237 (10th Cir. 1980). While it would have been preferable to actually see those "affidavits in support of Mr. Rubin's fee" alluded to in the Seventh Circuit's June 6, 1997 Order[3] which found the $275.00 hourly rate reasonable based on Mr. Rubin's national reputation and experience in consumer law litigation, I nevertheless find that he has satisfied his burden of producing at least minimally satisfactory evidence that the requested rate is in line with prevailing market rates. See NAACP v. City of Evergreen, 812 F.2d 1332, 1338 (11th Cir.1987).

After reviewing the Plaintiffs' time sheets and the parties' pleadings, I generally agree with Plaintiffs' requests for fees except that I find it duplicative to pay both Mr. Feferman and Ms. Warren for their time waiting for the jury verdict. According to the minutes of the trial, the jury started deliberating at 2:45 P.M.on January 27, 1999 and came back with a verdict 2½ hours later

---

[3] Attached as Exhibit B to Mr. Rubin's Declaration.

[see docket #108].  I am therefore disallowing 2.5 hours from Ms. Warren's time spent at trial on that day (2.5 hours x $135.00 = $337.50 subtracted from the total requested amount).  See, e.g., Drez v. E.R. Squibb & Sons, Inc., 674 FS 1432, 1445 (D.Kan. 1987) (court will permit only one attorney's time in waiting for the verdict).

Accordingly, Mr. Feferman and Ms. Warren are awarded a total of $37,860.50 in attorneys' fees,[4] and Mr. Rubin is awarded $12,622.50 for the 45.9 hours expended on appeal work, amounting to a total of $50,483.00 in attorneys' fees.  Although I am allowed to consider an upward or downward adjustment of this "lodestar amount," or "reasonable fee," I find no basis for doing either, in light of the considerable success obtained by Plaintiffs.  See Hensley, 461 U.S. at 435-356, quoted in Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 39 F.3d 1482, 1493 (10th Cir. 1994) (In evaluating whether to reduce the fee award, the most critical factor for the court to consider is the degree of success obtained).

**WHEREFORE,**

**IT IS ORDERED** that Plaintiffs' Application for Attorneys' Fees and Costs **[docket #121]** is hereby GRANTED IN PART in that Plaintiffs are awarded a total of $50,483.00 in attorneys' fees, as described above.

_____
UNITED STATES MAGISTRATE JUDGE

---

[4] The 27½ page invoice of itemized fees does not contain a separate total for Mr. Feferman's and Ms. Warren's time or total fees.  As Defendants did not object to or dispute Plaintiffs' mathematical calculation, the Court assumes the tally is correct.